# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50677
c/w No. 14-50680
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff-Appellee

v.

JOSE HOMERO ROCHA-GUTIERREZ,

       Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1431

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Homero Rocha-Gutierrez appeals the within-guidelines sentence imposed followed his guilty plea conviction for illegal reentry into the United States and the revocation of his supervised release term for a prior illegal reentry offense. He argues that the sentence is greater than necessary to meet

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the sentencing goals of 18 U.S.C. § 3553(a) and, therefore, substantively unreasonable. Because Rocha-Gutierrez did not object to the reasonableness of the sentence in the district court, review is limited to plain error. *See United States v. Powell*, 732 F.3d 361, 381 (5th Cir. 2013).

None of Rocha-Gutierrez's arguments are sufficient to rebut the presumption that his within-guidelines sentence is reasonable. *See United States v. Jenkins*, 712 F.3d 209, 214 (5th Cir. 2013). We have rejected Rocha-Gutierrez's argument that U.S.S.G. § 2L1.2's double-counting of a prior conviction necessarily renders a sentence unreasonable. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have also rejected substantive reasonableness challenges based on the alleged nonviolent nature of an illegal reentry offense. *United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008). In addition, we have rejected the argument that a consecutive within-guidelines revocation sentence causes the combined sentence to be substantively unreasonable. *United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Further, Rocha-Gutierrez concedes that his argument that the appellate presumption of reasonableness should not be applied to his sentence is foreclosed by circuit precedent. *See Duarte*, 569 F.3d at 530-31; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

After considering the Presentence Report and defense counsel's arguments concerning Rocha-Gutierrez's mental health and substance abuse problems, his head injury, his remote criminal history, and his cultural assimilation, the district court determined that a within-guidelines sentence was appropriate. Although a defendant's cultural assimilation can be a mitigating factor at sentencing, the district court was not required to give this factor dispositive weight. *See United States v. Rodriguez,* 660 F.3d 231, 234-35 (5th Cir. 2011). Rocha-Gutierrez's disagreement with the propriety of the

No. 14-50677
c/w No. 14-50680

sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.  *See id.*; *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Although he may disagree with the weight that the district court gave to the sentencing factors, we will not reweigh them.  *See, e.g., United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011).

Rocha-Gutierrez has failed to show that the district court did not consider a factor that should have received significant weight, gave significant weight to a factor it should have discounted, or made a clear error of judgment when it balanced the relevant factors.  *See Jenkins*, 712 F.3d at 214.  Therefore, he has not rebutted the presumption that his within-guidelines sentence is reasonable, much less has he shown that the district court committed plain error.  *See id.*

AFFIRMED.